# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL NO: 2:18-mn-2873-RMG<br><br>**DEFENDANT BASF CORPORATION'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**<br><br>This filing relates to:<br><br>2:21-cv-02032    2:21-cv-03018<br>2:21-cv-02680    2:21-cv-03047<br>2:21-cv-02681    2:21-cv-03062<br>2:21-cv-02727    2:21-cv-03117<br>2:21-cv-02820    2:21-cv-03149<br>2:21-cv-02831    2:21-cv-03151<br>2:21-cv-02836    2:21-cv-03171<br>2:21-cv-02869    2:21-cv-03181<br>2:21-cv-02886    2:21-cv-03203<br>2:21-cv-02892    2:21-cv-03211<br>2:21-cv-02893    2:21-cv-03219<br>2:21-cv-02933    2:21-cv-03221<br>2:21-cv-02983    2:21-cv-03228<br>2:21-cv-03002    2:21-cv-03275<br>2:21-cv-03003    2:21-cv-03276<br>2:21-cv-03011 |

Defendant BASF Corporation ("BASF"), by undersigned counsel, hereby responds to each of the Complaints which have been or may be filed against it by Plaintiffs in the MDL ("Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), BASF denies generally and specifically each and every allegation set forth in Plaintiffs' Complaints, and the whole thereof,

1

and each and every alleged cause of action therein, and BASF demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. BASF further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. BASF further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of BASF or anyone acting on its behalf. BASF reserves its rights to assert cross-claims and/or third-party claims.

## AFFIRMATIVE DEFENSES

1. The Complaints, and each cause of action or count alleged therein, fail to state facts sufficient to constitute a claim upon which relief may be granted against BASF.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal jurisdiction over BASF, and the Complaints should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred or limited for lack of standing.

4. The Complaints, and each alleged claim contained therein, are barred, in whole or in part, by the applicable statutes of limitations.

5. The Complaints, and each alleged claim contained therein, are barred, in whole or in part, by the applicable statutes of repose.

6. The Complaints, and each cause of action or count alleged therein, fail to join all necessary and indispensable parties.

7. The Complaints, and each alleged claim contained therein, are barred, in whole or in part, because BASF is entitled to immunity from suit under the government contractor defense.

8. The Complaints, and each alleged claim contained therein, are barred, in whole or in part, by the doctrine of laches.

9. The Complaints, and each alleged claim contained therein, are barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as parens patriae.

10. Plaintiffs' claims are not ripe and/or have been mooted.

11. Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

12. Plaintiffs may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaints.

13. Plaintiffs may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaints.

14. Plaintiffs may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaints.

15. Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

16. Plaintiffs' Complaints should be dismissed against BASF because BASF did not design, market, sell, advertise, or distribute Aqueous Film-Forming Foams, and is not the successor to any corporation that may have designed, marketed, sold, advertised or distributed any Aqueous Film-Forming Foam.

17. Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms,

corporations, or entities over whom BASF had no control or right of control and for whom BASF is not responsible.

18. To the extent Plaintiffs' alleged injuries occurred during the scope and course of their employment, Plaintiffs' exclusive remedy and right to recovery in this matter is under the applicable state or federal workers' compensation laws.

19. Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

20. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that BASF's products were unforeseeably misused or altered.

21. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

22. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

23. Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

24. Plaintiffs' purported exposure to BASF's products, if any, was too removed, indefinite, de minimus and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage or loss to Plaintiffs.

25. Plaintiffs' claims are or may be barred, in whole or in part, because BASF used proper methods in designing, testing, and manufacturing its products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and

EAST\185886969.1

research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

26. Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

27. Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by BASF that are the subject of Plaintiffs' claims. BASF is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

28. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

29. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

30. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

31. Plaintiffs' claims are or may be barred, in whole or in part, because Plaintiffs lack privity with BASF.

32. Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, because Plaintiffs did not provide BASF reasonable notice of any alleged breach.

33. Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

34. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than BASF, and in the event that BASF is found to be liable to Plaintiffs, BASF will be entitled to indemnification, contribution, and/or apportionment.

35. BASF asserts its rights to allocation or apportionment of fault pursuant to applicable state law, as well as their rights to a proportionate reduction of any damages found against BASF based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

36. Plaintiffs' claims against BASF are barred or limited by the economic loss rule.

37. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

38. Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

39. Plaintiffs have alleged an injury that, as a matter of law, does not support a recovery in tort.

40. To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

41. Plaintiffs' claims are barred, in whole or in part, because BASF did not owe a legal duty to Plaintiffs or, if they owed such a duty, did not breach and/or fully discharged that duty.

42. Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, BASF exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

43. Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of BASF proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

44. Plaintiffs' claims are barred, in whole or in part, because to the extent BASF owed any cognizable duty to warn, BASF adequately discharged any such duty.

45. Plaintiffs' claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

46. The relief that Plaintiffs seek, in whole or in part, violates BASF's due process rights.

47. BASF denies any negligence, culpable conduct, or liability on its part but, if BASF ultimately is found liable for any portion of Plaintiffs' alleged damages, BASF shall only be liable for its equitable share of Plaintiffs' alleged damages.

48. BASF denies any liability, but in the event BASF is found to have any liability to Plaintiffs, BASF is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaints; (2) any amounts stipulated or otherwise

agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaints; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaints.

49. BASF cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of BASF.

50. Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) manufactured by BASF.

51. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to PFOA from any product(s) attributable to BASF.

52. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFOA has been reliably established, through scientific means, to be capable of causing their alleged injuries.

53. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that they were exposed to a sufficient concentration or amount of PFOA, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing their alleged injuries.

54. Plaintiffs' claims are barred, in whole or in part, because BASF acted reasonably and in good faith.

EAST\185886969.1

55. Plaintiffs' damages, if any, were caused or contributed to by third parties over whom BASF has no control and no legal duty to control.

56. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and BASF may not be held liable under retroactive theories not requiring proof of fault or causation.

57. Any damages Plaintiffs may have suffered were not reasonably foreseeable by BASF at the time of the conduct alleged.

58. Plaintiffs' claims are barred, in whole or in part, because BASF neither knew, nor should have known, that any of the substances to which Plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to BASF at all times relevant to the claims or causes of action asserted by Plaintiffs.

59. BASF is entitled to all the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

60. The Complaints fail to state a claim upon which punitive or exemplary damages may be awarded.

61. BASF did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

62. Plaintiffs have failed to adequately plead and/or allege that BASF acted with the requisite state of mind to warrant an award of punitive damages.

63. BASF has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Complaints, and,

therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

64. Punitive damages are not available because all conduct and activities of BASF related to matters alleged in the Complaints conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

65. Punitive damages are not available because BASF neither knew nor should have known that the substances to which Plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and BASF therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate BASF's constitutional right to due process.

66. Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the constitution of any other state whose laws may apply.

67. Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which BASF cannot be held responsible.

68. Some or all of the claims in some or all of the cases may be governed by arbitration clauses and may be subject to arbitration.

69. BASF reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

70. BASF adopts by reference any additional applicable defense pleaded by any other defendant not otherwise pleaded herein.

BASF does not admit or acknowledge that they bear the burden of proof and/or burden of persuasion with respect to any of the above defenses. All the preceding defenses are pleaded in the alternative and do not constitute an admission that BASF is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. BASF reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Dated: October 25, 2021  Respectfully Submitted,

By: /s/ Matt Holian
Matt Holian
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
617.406.6009 T
617.406.6109 F
matt.holian@dlapiper.com

Attorneys for Defendant BASF Corporation

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was electronically filed with this Court's CM/ECF system on October 25, 2021 and accordingly served automatically upon all counsel of record for this matter.

/s/ Matt Holian